**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
---------------------------------------------------------------x
                                     :
IN RE VIROPHARMA INCORPORATED        :   MASTER FILE NO.  02-CV-1627
SECURITIES LITIGATION                :
                                     :
---------------------------------------------------------------x
```

### ORDER AND FINAL JUDGMENT

On November 2, 2004, following notice to all parties and notice to the Class members as described herein, a hearing was held before this Court to consider: Lead Plaintiffs' Motion for Final Approval of Class Action Settlement (the "Settlement Approval Motion") and the Motion of Lead Plaintiffs and Lead Plaintiffs' Counsel for an Award of Attorneys' Fees and Reimbursement of Expenses and for an Award to Lead Plaintiffs (the "Fee Petition") and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated June 29, 2004 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants in the Complaint now pending in this Court under the above caption, including the release of the Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice as against the Defendants and as against all Persons who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Lead Plaintiffs' Counsel attorneys' fees and reimbursement of expenses; and (5) whether to make an award to Lead Plaintiffs.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that: (1) a notice of the hearing on the Settlement Approval Motion and the Fee Petition, substantially in the form approved by the Court was mailed to all Persons reasonably identifiable who purchased ViroPharma Incorporated ("ViroPharma") Securities between July 13, 1999 and March 19, 2002, inclusive (the "Class Period"), and were damaged thereby, except those Persons excluded from the definition of the Class (the "Class"), as shown by the records of ViroPharma's transfer agent, at the respective addresses set forth in such records; (2) that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and on the *PR Newswire* pursuant to the specifications of the Court; (3) the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested and an award to Lead Plaintiffs; and (4) all capitalized terms used herein having the meanings as set forth and defined in the Stipulation,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members and the Defendants.

2.      The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this Court hereby finally certifies this action as a class action on behalf of all Persons who purchased ViroPharma Securities between July 13, 1999 and March 19, 2002, inclusive, and were damaged thereby, and Lead Plaintiffs Terry Wickman, Gary Wickman, Mel Steven Lessley, Kui-Chiu Kwok, Russell E. Bingham and Gerald G. Larson as Class Representatives.  Excluded from the Settlement Class are the Defendants, officers and directors of ViroPharma, members of their immediate families and their legal representatives, heirs, predecessors, successors or assigns and any entity in which any defendant has or had a controlling interest or is a parent or subsidiary of or is controlled by ViroPharma.  Also excluded from the Class are the Persons who requested exclusion from the Class as listed on Exhibit A annexed hereto.  The members of the Class who have filed timely and valid requests for exclusion are not bound by this Judgment and may pursue their own individual remedies, if any.

4.     Notice of the pendency of this Action as a class action, the proposed Settlement  and of the October 12, 2004 hearing on the Settlement Approval Motion and Fee Petition was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all Persons entitled thereto.

5.      The Stipulation and Settlement are fair, reasonable and adequate as to the Class and are finally approved in all respects.  The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6.      The Complaint, which the Court finds was filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendants.

7.      Lead Plaintiffs and members of the Class and the successors and assigns of any of them shall have been deemed to have released, relinquished and forever discharged all Settled Claims (as defined below) and are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, debts, demands, liabilities, rights and causes of action of every nature and description whatsoever (including but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever) whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or equity, matured or unmatured, whether class or individual in nature, including both known or Unknown Claims (as defined in the Stipulation), (i) that have been asserted in this Action by the Class Members or any of them against any of the Defendants or Defendants' Insurers and any of their current, former or future parents, subsidiaries, affiliates, partners, joint venturers, officers, directors, principals, shareholders, members, agents (acting in their capacity as agents), employees, attorneys, insurers, reinsurers, advisors, accountants, associates and any other individual or entity in which any Defendant or Defendants' Insurers has a controlling interest or which is related to or affiliated with any of the Defendants or Defendants' Insurers, and all of their respective predecessors, successors,

assigns, representatives, heirs, executors, administrators, and any and all Persons, natural or corporate, in privity with them or acting in concert with them or any of them (i.e., "Released Parties") including, without limitation, any claim arising out of or relating to any of the acts, omissions, misrepresentations, facts, events, matters, transactions or occurrences referred to in the Action or otherwise alleged, asserted or contended in the Action; or (ii) that could have been alleged, asserted or contended in any forum by the Class Members or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint or which relate to the purchase of ViroPharma Securities during the Class Period, including, without limitation, claims for fraud, negligent misrepresentation, negligence, gross negligence, breach of duty of care, breach of duty of loyalty, fraud, negligent misrepresentation, breach of fiduciary duty, or violations of any state or federal statutes or regulations, or based upon or related in any way to the purchase, acquisition, or holding of ViroPharma Securities, and any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Action against the Released Parties (including Unknown Claims) (i.e., "Settled Claims"), except claims to enforce any of the terms of this Stipulation.  The Settled Claims are hereby compromised, settled, relinquished, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8.     Members of the Class and the heirs, executors, administrators, successors and assigns of any of them are hereby deemed to have covenanted not to sue or assert any claim or action against any of the Defendants derivatively on behalf of ViroPharma Incorporated that (i) arises out of or relates to any of the acts, omissions, misrepresentations, facts, events, matters, transactions or occurrences referred to in the Action or otherwise alleged, asserted or contended in the Action or (ii)

that could have been alleged, asserted or contended in any forum by the Class Members or any of them against any of the Released Parties which arise out of, relate to, or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint, and shall forever be enjoined from commencing, instituting or prosecuting any such claim.

9.     The Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, demands, rights, duties, remedies, liabilities, and causes of action of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Lead Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or Settlement of this Action or the Settled Claims, including, but not limited to, all claims for malicious prosecution or sanctions (the "Settled Defendants' Claims") against any of the Lead Plaintiffs, Class Members or their attorneys. The Settled Defendants' Claims of all of the Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

10.     Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)     offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with

respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

        (b)     offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Lead Plaintiffs and the Class as evidence of any infirmity in the claims of Lead Plaintiffs and the Class;

        (c)     offered or received against the Defendants or against the Lead Plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendants may refer to the Stipulation to effectuate the liability protection granted them thereunder;

        (d)     construed against the Defendants or the Lead Plaintiffs and the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

        (e)     construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

11.     The Plan of Allocation is approved as fair and reasonable, and Lead Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

12.     The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13.     The Lead Plaintiffs Terry Wickman, Gary Wickman, Mel Steven Lessley, Kui-Chiu Kwok, and Russell E. Bingham are hereby awarded $7,500.00, $7,500.00, $4,000.00, $6,000.00, and $4,000.00, respectively, for reasonable costs and expenses (including lost wages) directly relating to their representation of the Class, such amounts to be paid from the Gross Settlement Fund.

14.     Lead Plaintiffs' Counsel are hereby awarded 33 1/3 % of the Gross Settlement Fund in fees, which the Court finds to be fair and reasonable, and $135,604.30 in reimbursement of expenses, which fees and expenses shall be paid to Lead Plaintiffs' Counsel from the Settlement Fund with interest from the date of the Court's Order of Preliminary Approval of Settlement to the date of payment at the same net rate that the Settlement Fund earns.  These amounts are to be paid pursuant to the procedure set forth in the Stipulation.  The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion and sole discretion of Lead Plaintiffs' Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions to the prosecution of the Action.

15.     In making this award of attorneys' fees and reimbursement of expenses and an award to Lead Plaintiffs to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a)      the Settlement has created a fund of $9 million in cash that is already on deposit, plus interest to be earned thereon (the "Gross Settlement Fund"), and Class members who file timely and valid claims will benefit from the Settlement created by Lead Plaintiffs' Counsel;

(b)      over 71,000 copies of the Notice were disseminated to putative class members indicating that at the October 12, 2004 hearing, Lead Plaintiffs' counsel intended to seek up to 33% of the Gross Settlement Fund in attorneys' fees and to seek reimbursement of their litigation expenses in an amount not to exceed $180,000, and an award to each of the six Lead Plaintiffs not to exceed $7,500 per person, and the Summary Notice was published in *Investor's Business Daily* and over the *PR Newswire* as required by the Court, and two individuals objected, both to the terms of the proposed Settlement and one to the fees requested by Lead Plaintiffs' Counsel, but no objections were filed against the ceiling on expenses or the ceiling on awards to Lead Plaintiffs contained in the Notice;

(c)      Lead Plaintiffs' Counsel have conducted this litigation and achieved the Settlement with skill and efficiency;

(d)      The litigation of this Action involved complex factual and legal issues and was actively prosecuted since its filing on March 26, 2002, and in the absence of a Settlement, the Action would have continued to involve complex factual and legal questions;

(e)      If Lead Plaintiffs' Counsel had not achieved the Settlement, there was a risk of either a smaller or no recovery;

(f)      Plaintiffs' Counsel have devoted over 4,224 hours, with a lodestar value of $1,731,382.75, to achieve the Settlement; and

(g)     The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund and the awards to Lead Plaintiffs are consistent with the awards in similar cases. Gunter v. Ridgewood Energy Corp., 223 F.3d 190 (3d Cir. 2000).

16.     Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

17.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

19.     The Clerk of the Court shall mark this case as "closed" for statistical purposes.

AND IT IS SO ORDERED, this 16th day of November, 2004.

S/Clarence C. Newcomer
U.S. District Judge
